| | |
|---|---|
| LATASHA MARIE PARHAM, | |
| Plaintiff, | Civil Action No. |
| v. | 1:14-CV-1015 |
| LUIHN FOOD SYSTEMS, INC., and LUIHN FOUR, INC., d/b/a, TACO BELL, | Jury Trial Demanded |
| Defendant. | |

## AMENDED COMPLAINT

Comes now the plaintiff, and complaining of the defendant, alleges and says:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Latasha Marie Parham, is a female and a citizen and resident of Wake County, North Carolina.

3. Defendant, Luihn Food Systems, Inc., is a domestic corporation and may be served with process through its Registered Agent, S Allen Luihn, 2950 Gateway Centre Blvd., Morrisville, North Carolina 27560.

4. Defendant, Luihn Four, Inc., is a domestic corporation and may be served with process through its Registered Agent, S Allen Luihn, 2950 Gateway Centre Blvd., Morrisville, North Carolina 27560.

1

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

7. Plaintiff, Latasha Marie Parham (hereinafter "Parham"), began working for Defendant Luihn Food Systems, Inc. at a Taco Bell location in Durham, North Carolina on or about December 15, 2012, as a Cashier. Luihn Food Systems, Inc. was later merged with Defendant Luihn Four, Inc.

8. During her employment, Parham reported to Arthur Deo (hereinafter "Deo"), General Manager.

9. While supervising Parham, Deo made inappropriate sexual comments and advances to her that were unwelcome and offensive.

10. The comments and conduct referenced in Paragraph 9 occurred on a regular basis when Parham and Deo were scheduled to work together.

11. During the week of December 15, 2012, Deo made a comment to Parham that he was going to need to have her transferred to a different store because "she was going to get him fired for sexual harassment."

12. After this incident, a co-worker confided to Parham that Deo had made inappropriate comments to him about his sexual fantasies of Parham.

13. Over a period of several weeks, Deo made ongoing comments to Parham in a sexual manner about her appearance.

14. On one occasion, Deo took Parham's personal cell phone, located nude photos of her on the phone, viewed the photos, and then told the other employees about the photos.

15. Parham reported Deo's behavior to at least two members of management despite her fear of retaliation, but nothing was done to stop the harassment and it continued.

16. On or about February 5, 2013, Parham engaged in a transaction with a customer. During the course of the transaction, Deo stated that Parham broke Defendant's policy by not repeating the order back to the customer. Parham informed Deo that she did not break policy, and asked the customer to verify what occurred.

17. Following this incident, Mr. Deo informed Parham that she was being terminated for being disrespectful to him in front of a customer and accused her of insubordination, even though her behavior was not disrespectful or insubordinate. Prior to this situation, Parham never received a write-up or disciplinary action of any kind.

18. On or about April 24, 2013, Parham filed a charge of Sex Discrimination and Retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

19. The EEOC issued Parham a Notice of Right to Sue on September 30, 2014. Parham's original Complaint was filed on December 4, 2014, which was filed within ninety (90) days of receipt of the Notice of Right to Sue.

**FIRST CLAIM FOR RELIEF**
**(Title VII Sexual Harassment)**

20. Plaintiff incorporates by reference the allegations of paragraph 1 through 19 of the complaint.

21. The actions of Arthur Deo were directed to Plaintiff because of her sex.

22. The actions of Arthur Deo were unwelcome.

23. The actions of Arthur Deo were subjectively and objectively offensive.

24. Defendant's subjection of Plaintiff to a sexually hostile work environment caused Plaintiff's damages including but not limited to losses in wages, salary and benefits and great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

25. Defendant's subjection of Plaintiff to a sexually hostile work environment that it knew or should have known existed and its failure to take appropriate corrective action with respect to the harassment was willful or wanton.

26. Defendant's actions in terminating Plaintiff are intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justifies awarding punitive damages.

27. Therefore, Plaintiff sues Defendant for her termination in violation of Title VII, 42 U.S.C. § 2000e et seq.

**SECOND CLAIM FOR RELIEF**
**(Title VII Unlawful Retaliation under 42 U.S.C. § 2000e et. seq).**

28. Plaintiff incorporates by reference the allegations of paragraph 1 through 19 of the complaint.

29. Plaintiff complained about the unlawful conduct directed at because of her sex, female.

30. Plaintiff complained to Defendant about the unlawful conduct several times throughout her employment.

31. Plaintiff was disciplined and discharged on February 5, 2013, thus, a causal nexus existed between the discipline, discharge and Plaintiff's complaints.

4

32. Defendants' termination of Plaintiff was due to her reports of unlawful harassing conduct directed at Plaintiff due to her sex, consequently, Defendants' other reasons for her termination are pretext.

33. Defendants' termination of Plaintiff in retaliation for her protected activity violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq..

34. Defendants' termination of Plaintiff in violation of Title VII caused her injuries including but not limited to, lost wages, salary, benefits, and emotional distress.

35. Defendants' actions in terminating Plaintiff are intentional, willful, and in reckless disregard for Plaintiff's legally protected rights, and justifies awarding punitive damages.

36. Therefore, Plaintiff sues Defendants for her retaliatory termination in violation of Title VII, 42 U.S.C. § 2000e et seq..

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in subjecting Plaintiff to sexual harassment.

C. The Court enter a judgment in favor or Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish caused by Defendant's actions as alleged herein.

D. This matter be tried by a jury.

E. The judgment bear interest at the legal rate from the date of filing this action until paid;

5

F.  Defendant be taxed with the costs of this action; and

G.  The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 26th day of March, 2015.

    /s/ KIRK J. ANGEL
Kirk J. Angel NCSB#  33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N
Concord NC 28025
PO Box 1296 (28026)
Telephone:  704.706.9292
Facsimile:  704.973.7859
e-mail:  kirk@theangellawfirm.com